697 S.E.2d 536

**In the Matter of Jason Thomas KELLETT, Respondent.**

**No. 26837.**

Supreme Court of South Carolina.

Submitted June 1, 2010.

Decided July 26, 2010.

Lesley M. Coggiola, Disciplinary Counsel, and Barbara M. Seymour, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Jason Thomas Kellett, of Greenville, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to the imposition of a definite suspension, indefinite suspension, or disbarment. Respondent requests that the sanction be imposed retroactively to July 17, 2009, the date of his interim suspension. *In the Matter of Kellett,* 383 S.C. 479, 681 S.E.2d 575 (2009). Respondent further agrees to enter into a restitution agreement within thirty (30) days of the issuance of the Court's sanction. In addition, prior to seeking reinstatement, respondent agrees to enter into a two year monitoring contract with Lawyers Helping Lawyers (LHL) and to complete the South Carolina Bar's Legal Ethics and Practice Program Trust Account School and Ethics School. We accept the agreement and disbar respondent from the practice of law in this state with conditions as stated at the conclusion of this opinion. The disbarment shall be imposed retroactively to the date of respondent's interim suspension. The facts, as set forth in the agreement, are as follows.

## *FACTS*

Respondent was administratively suspended from the practice of law on April 2, 2009, for failing to comply with mandatory continuing legal education requirements. Respondent admits that, although he ceased practicing law because of his suspension, he failed to inform all of his clients of his suspension, did not notify courts or opposing counsel with pending litigation of his suspension, and did not take reasonable steps to protect each of his clients' interests upon his suspension.

With regard to his trust account, respondent admits he failed to comply with the recordkeeping provisions of Rule 417, SCACR, by not preparing and/or maintaining ledgers of client transactions, an accounting journal or check register, complete copies of canceled checks, or records of deposit. In addition, respondent admits he deposited personal funds into his trust account, failed to conduct monthly reconciliations of

the trust account, processed some client transactions using his operating account, and failed to designate on his trust and operating account checks the purpose and client matter for which they were written.

Respondent was placed on interim suspension on July 17, 2009, after failing to comply with a disciplinary subpoena. *Id.* After his suspension, respondent allowed his malpractice insurance to lapse. As a result, coverage is not available to the complainants for the matters set forth below.

Following his interim suspension, respondent did not respond to the Notices of Full Investigation in eighteen matters. He did appear pursuant to Rule 19(c), RLDE, and gave a statement to ODC. Since that time, respondent has cooperated in the disciplinary investigation.

## Matter I

In 2005, Client A hired respondent to represent her in a civil case against the City of Greenville and the Greenville Police Department. Respondent admits he failed to competently and diligently pursue Client A's legal matter and failed to keep her adequately informed about the status of her case.

Further, although he did not expect to be repaid, respondent advanced money to Client A to provide her with financial assistance while the case was pending. In addition, respondent signed an acknowledgement of an irrevocable assignment of settlement proceeds to repay Client A's loan from a settlement funding company from which Client A had borrowed $2,500.00 (plus $800.00 in fees). In March 2009, respondent settled Client A's claims for $3,000.00 with her consent. Instead of processing the settlement check through his trust account, respondent cashed the check at the bank. Respondent kept approximately $100.00 from the settlement as his fee and gave the rest of the cash to Client A. Respondent acknowledges this method of processing a settlement was improper. According to the terms of Client A's agreement with the settlement funding company, at the time of her settlement, she owed $6,281.56 on the loan. Respondent admits that he did not pay any portion of the settlement proceeds to the settlement funding company on Client A's behalf.

## Matter II

In December 2007, Client B retained respondent's law firm to represent him in an employment-related matter. At the time, respondent's partner accepted the case. Later, the partner informed Client B that the matter had been assigned to respondent and that respondent would be handling the matter from that point forward.

Respondent consulted with Client B and informed him that he would be filing a lawsuit on his behalf. Although he spoke with Client B a few times, respondent admits he failed to adequately communicate with Client B about his legal matter and failed to file the lawsuit or take any meaningful action on behalf of the client. As a result, respondent missed the statute of limitations on Client B's wrongful termination claims. Respondent's partner has now resumed representation of Client B and is pursuing his breach of contract claims against his former employer.

## Matter III

In 2005, Client C retained respondent to represent him in an employment matter. Respondent admits he failed to adequately communicate with Client C, to keep him reasonably informed about the legal matter, and to diligently pursue Client's C's legal matter. Respondent missed the statute of limitations on Client C's wrongful termination claim by one day. However, when he subsequently filed a suit for breach of contract and other claims, respondent included a cause of action for wrongful termination.

A few weeks before respondent filed suit, Client C borrowed $2,600.00 (plus $510.00 in fees) from a settlement funding company. Respondent signed an acknowledgment of Client C's assignment of settlement proceeds to the settlement funding company.

Respondent settled Client C's claims for $2,000.00 in November 2007. Respondent represents the settlement was properly disbursed. Client C disputes this claim and states he was unaware of the settlement until after respondent was suspended and he hired another attorney to determine the status of his case. Respondent did not prepare a written settlement statement and did not process the settlement

through his trust account. Respondent's operating and trust account records show no deposit of these funds and no payments on or on behalf of Client C. Respondent acknowledges that his failure to maintain adequate records of this transaction creates a presumption of misappropriation.

Respondent did not pay any portion of the settlement proceeds to the settlement funding company on Client C's behalf. Client C now owes approximately $9,000.00 to the settlement funding company.

### Matter IV

In October 2008, Client D retained respondent to represent him in a civil matter against his former employer on a contingency basis. The EEOC had dismissed Client D's charge of discrimination and issued a Notice of Suit Rights on September 29, 2008, giving him ninety days to file suit. Respondent filed suit on behalf of Client D on December 30, 2008, but failed to serve the pleadings on Client D's employer. Respondent took no further action on Client D's behalf and admits he failed to adequately communicate with Client D. Respondent admits he falsely stated to Client D that he had served the defendant and/or defense counsel with the pleadings.

### Matter V

In or around September 2006, Client E retained respondent to represent her in a Social Security disability matter and a domestic matter. Respondent failed to provide Client E with an explanation of the fees and costs for the representation and did not provide a written fee agreement.

Respondent pursued Client E's Social Security claim and obtained both monthly benefits and back payments. The back payments totaled approximately $18,000.00. Respondent charged Client E a 50% fee on the back benefits, even though by statute he was limited to 25%. Respondent did not process this settlement through his trust account.

With regard to the domestic matter, respondent filed a complaint on behalf of Client E in April 2007, however, it was administratively dismissed when no action was taken within one year of the filing. In June 2008, respondent refiled the

complaint. The case was continued once for lack of service. In February 2009, a hearing was held in which temporary custody was granted to Client E.

## Matter VI

Respondent represented Client F in connection with claims arising from an automobile accident. Respondent filed a lawsuit within the statute of limitations, but failed to timely serve the summons and complaint on the defendant. Respondent admits he failed to promptly respond to Client F's telephone calls and to keep her adequately informed of the status of her case.

## Matter VII

Respondent represented Client G, a minor, in connection with an employment case. Respondent admits he did not respond to Client G's parents' telephone messages and failed to keep them informed about Client G's case.

## Matter VIII

Respondent represented Client H in connection with claims against her employer for retaliatory discharge for filing a worker's compensation claim. Respondent admits he failed to promptly respond to Client H's telephone messages, failed to keep her adequately informed about her case, and failed to file a lawsuit on her behalf prior to the expiration of the statute of limitations.

## Matter IX

Respondent represented Client I in connection with his Social Security claim. He failed to promptly respond to Client I's telephone messages, failed to keep Client I adequately informed about his case, and failed to take any meaningful action on Client I's behalf.

## Matter X

Respondent represented Client J in claims arising from an automobile accident. In October 2007, respondent settled with the at-fault party on behalf of Client J for the policy limits of $50,000.00. Respondent did not pursue additional coverage claims on behalf of his client. Respondent retained

$16,784.88 as his fee and for reimbursement of costs. Between October 2007 and August 2008, respondent paid $9,500.00 to Client J from his trust and operating accounts. Respondent was to disburse the remaining amount (approximately $23,715.12) to Client J's medical providers, but respondent did not pay the medical providers as agreed. However, in April 2009, respondent paid Client J's chiropractor $1,800.00 from his operating account. Respondent admits he did not maintain the funds in trust for the benefit of Client J and that he misappropriated funds from Client J's settlement by using them for office and personal reasons.

### Matter XI

Respondent agreed to represent Client K in a child support collection action in South Carolina. Client K lived in Idaho. Respondent's fee was contingent on recovery of back support payments, but the payment agreement was not set forth in writing. Respondent acknowledges he failed to adequately communicate with Client K regarding her legal matter. Further, when respondent was sanctioned $1,200.00 for not complying with discovery, he paid the fine with funds held in trust for Client J.

In February 2008, respondent received a settlement on behalf of Client K in the approximate amount of $4,500.00. Respondent did not obtain Client K's consent to accept the settlement amount in writing. Respondent failed to properly disburse the settlement funds obtained for Client K and failed to hold the settlement funds in trust for her benefit. Respondent admits he misappropriated Client K's settlement proceeds.

### Matter XII

Respondent agreed to represent Client L in a civil case against his former employer on a contingency basis. Respondent failed to take any meaningful action on behalf of his client. Further, he misrepresented to Client L that a settlement was eminent.

### Matter XIII

Respondent agreed to represent Client M in a wage claim against his former employer. Respondent failed to take any

meaningful action on behalf of his client and misrepresented to his client that he was working on the matter.

### Matter XIV

Respondent agreed to represent Client N, a minor, in connection with sexual harassment she allegedly experienced in the workplace. Respondent failed to take any meaningful action in the matter, failed to return Client N's father's telephone calls, and failed to keep him and his daughter adequately informed on the status of the matter. The statutes of limitation have expired on all potential claims.

### Matter XV

Respondent agreed to represent Client O in connection with a child custody/adoption matter. Respondent admits he failed to take any meaningful action on behalf of Client O.

### Matter XVI

Respondent agreed to represent Client P in connection with claims against her employer for retaliatory discharge. Respondent did not promptly respond to Client P's telephone messages, did not keep Client P adequately informed about the status of her case, and failed to file a lawsuit or to resolve Client P's claims prior to the expiration of the statute of limitations.

### Matter XVII

Respondent agreed to represent Client Q in connection with claims against his employer for retaliatory discharge. Respondent did not promptly respond to Client Q's telephone messages, did not keep Client Q adequately informed about the status of his case, and failed to file a lawsuit or to resolve Client Q's claims prior to the expiration of the statute of limitations.

### Matter XVIII

Respondent accepted representation of Client R in connection with an employment matter. Respondent admits he did not keep Client R reasonably informed about the progress of her legal matter. In particular, respondent filed a lawsuit on behalf of Client R, but it was dismissed on summary judgment

in 2007. Respondent did not inform Client R of this development. Further, he failed to file an appeal or take any other action to protect Client R's interests following the dismissal of the lawsuit. Even after his administrative suspension, respondent continued to assure Client R that her case was moving forward.

## Matter XIX

Respondent agreed to represent Client S in an age discrimination case. At the time Client S consulted with respondent, she had been offered a severance package. Respondent advised Client S to decline the offer and pursue litigation.

Respondent took no meaningful action on behalf of Client S. He failed to communicate with Client S. In addition, respondent failed to preserve Client S's claims prior to the expiration of the statute of limitations, and he misrepresented the status of the matter to Client S. Client S lost her opportunity to receive the severance package.

## Matter XX

In October 2007, Client T paid respondent $500.00 to file a mechanic's lien in the amount of approximately $10,000.00. Respondent failed to file the lien or take other appropriate steps to protect Client T's interests prior to the expiration of the statute of limitations. Respondent admits he did not hold the fee received from Client T in trust until earned and did not refund the fee.

## *LAW*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.2 (lawyer shall abide by client's decision as to whether to accept settlement offer); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4 (lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information); Rule 1.5 (lawyer shall not charge unreasonable fee, lawyer shall communicate basis or rate of fee and expenses,

preferably in writing, and contingency fee agreement shall be in writing signed by client); Rule 1.8(e) (lawyer shall not provide financial assistance to client in connection with representation); Rule 1.15 (lawyer shall hold property of clients in the lawyer's possession in connection with a representation separate from the lawyer's own property); Rule 1.16 (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect client's interests, such as giving reasonable notice to client, surrendering papers and property to which client entitled, and refunding any advance payment of fee or expense that has not been earned or incurred); Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with the interests of client); Rule 4.1 (in course of representing a client a lawyer shall not knowingly make false statement of material fact or law to third person); Rule 8.1 (lawyer shall not knowingly fail to respond to lawful demand for information from disciplinary authority); Rule 8.4(a) (it is professional misconduct for a lawyer to violate the Rules of Professional Conduct); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice). In addition, respondent admits he violated the recordkeeping provisions of Rule 417, SCACR.

Further, respondent admits his misconduct is grounds for discipline under Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate Rules of Professional Conduct).

## CONCLUSION

We accept the Agreement for Discipline by Consent and disbar respondent, retroactive to the date of his interim suspension. Within thirty (30) days of the date of this opinion, respondent shall enter into a restitution agreement with the Commission on Lawyer Conduct (the Commission) in which he shall agree to repay the unearned and/or misappropriated fees to Client C, Client E, Client J, Client K, and Client T and to repay the Lawyers' Fund for Client Protection for all claims paid on his behalf. Further, prior to seeking reinstatement, respondent shall enter into a two year monitoring contract

with Lawyers Helping Lawyers (LHL) and complete the South Carolina Bar's Legal Ethics and Practice Program Trust Account School and Ethics School. Finally, within thirty (30) days of the date of this opinion, respondent shall reimburse the Commission and ODC for costs incurred in this matter. Under no circumstances shall respondent be permitted to file a Petition for Reinstatement until full restitution and payment of costs have been made.

Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**